[Decided January 10, 1887.]

## CHARLES A. NORAGER *v.* H. E. NORWALD.

APPEAL — TRANSCRIPT — FILING — PENDENCY OF MANDAMUS PROCEEDINGS. — Where, from an application for a writ of *mandamus* to the trial judge, it appears that the failure of the appellant to file a transcript was occasioned by the neglect or refusal of the trial judge to settle the facts of the case, a motion by the appellee for affirmance of the judgment of the lower court will be held over pending the result of the proceedings for *mandamus.* HOYT, J., dissenting.

ERROR to the District Court holding terms at Seattle. Third District.

Motion to affirm the judgment in the court below. The case was appealed under the appeal act of 1883, and

plaintiff in error had failed to send up a transcript with a certified statement of facts, as required by law and the rule of the court. Plaintiff in error imputed this failure to the refusal of the trial judge to settle the statement of facts, and instituted proceedings in the Supreme Court to compel by mandate such settlement, which proceedings were pending and remained undisposed of when the motion to affirm was urged.

*Messrs. White & Munday,* for the Defendant in Error, supporting the motion.

*Messrs. Jacobs & Jenner,* for the Plaintiff in Error, *contra.*

Mr. Justice TURNER delivered the opinion of the court.

An appellant in an action at law who has saved exceptions which can be preserved by a statement of facts only, or by a bill of exceptions, and who has done all that the law requires to entitle him to a settlement of such facts by the judge of the lower court, ought not to be considered in fault, if, pending action on his proposed statement, he fails to cause an incomplete transcript in this court. *Actus curiæ neminem gravabit.* In such a case, it being shown to this court, on application for a writ of *mandamus,* that the judge has failed or refused, on insufficient grounds, to settle the statement of facts, and an alternative writ having issued, the appellee ought not, pending the determination of the court in the *mandamus* proceeding, to have an affirmance of his judgment under section 461 of the Code. The court would not have awarded the alternative writ without a showing establishing at least that the failure to complete the record in the court below, so that a proper transcript could be filed here, was owing to circumstances over which the appellant had no control. The showing on the motion for *mandamus* may properly be looked to and considered on the application to affirm.

The writ of *mandamus* goes from this court only in aid

of its appellate jurisdiction, and while not properly a step in the main cause before the latter has reached this court, it yet bears sufficient relation to it to permit the showing to be considered therein when the latter has reached us by the intervention of the appellee. It may be that the appellant has been guilty of laches in failing to sooner prosecute the *mandamus* suit. If so, he will not succeed in that suit. But certainly if he deserves to succeed therein, the appellee is not entitled at this time to an affirmance of his judgment; and whether he deserves to succeed therein is to be determined in that suit, and not on this motion to affirm.

We think the motion to affirm should stand over without action for the present.

LANGFORD, J., concurred.

Mr. Justice HOYT dissented as follows: —

The notice of appeal herein was given June 23, 1885, but the transcript was not brought up by the appellant as required by statute, nor was there any showing made, or attempted to be made, for the failure thus to file the transcript in the cause. Under these circumstances, the appellee, on the first day of this term, filed here a copy of the judgment and notice of appeal, and asked that the judgment be affirmed; and it is conceded that his notice must be granted, unless same reason to the contrary is properly made to appear to the court; but my brothers are of the opinion that the pendency of an original proceeding in this court for a mandate to compel the judge of the court below to settle a statement of facts in the case is in itself a sufficient reason for denying appellee's said motion, but with this conclusion I am unable to agree, —

1. Because I do not think such proceeding has any such connection with this cause as to entitle the court to at all consider the same in deciding any question herein.

2. Because if it is considered as being on file in this
case, it is not in itself of any force as against appellee's
motion, as it is nowhere suggested by the appellant that
if the writ of mandate issues, and the judge settles the
statement, as therein required, it is his intention there-
after to bring up a transcript of the cause for investiga-
tion, and for aught that this court can know, such *man-
damus* proceedings are not prosecuted for the purpose of
this case at all, but simply with the object of establishing
a correct practice for the future.

In my opinion, it is the duty of the appellant in any
case to file a transcript in this court within the time
provided by law, or in case any reason exists why he
cannot do so, to file a showing by affidavit or otherwise
of such reason, and a motion for leave to be allowed to file
such transcript, when the obstacle preventing the present
filing is removed; and that the appellee, in the absence
of such transcript or showing and motion, has a right to
avail himself of the provisions of section 461 of the Code,
and have the judgment affirmed; and I am of the opinion
that appellant cannot as a matter of right appear and
make any objection thereto, as his failure to file the
transcript is in the nature of a default, which the appel-
lee by the filing of his papers has made effective; and
before the appellant can further appear in the case he
must file his motion and showing, and obtain an order
relieving him from such default.   Moreover, I am
inclined to the opinion that this court should not relieve
an appellant from the consequences of a failure to file
a complete transcript, unless it appeared that he had
brought up such parts thereof as he reasonably could;
and I think the only safe course for an appellant would
be to timely file such part of the transcript as he is able
to procure, and then if for any reason he cannot make it
complete, to show such reason to this court and ask for
time, and if necessary the aid of the court.

In a case like the present, the appellee not being advised

in any way of the intention of appellant, further to prose-cute his appeal, has a right to assume that he is entitled to the benefit of said section 461, and after he has gone to the expense of having sent up a copy of the judgment and notice of appeal, and of coming here to avail himself of the benefits of said section, he should not be prevented from so doing by proceedings of which he has no notice, and to which he is in no sense a party, and which are not even on file in the case. It follows that in my opinion the motion should be granted.